**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**Civil Action No.**

**JOHN MONACO,**

      **Plaintiff,**

**v.**

**YASCAR ENTERPRISE, INC. d/b/a TIN CUP
SPORTS CAFÉ, and ADAM YASSKY,
individually,**

      **Defendants.**

_____/

**COMPLAINT FOR UNPAID OVERTIME DAMAGES
AND DEMAND FOR JURY TRIAL**

1.     This action is brought by John Monaco (hereinafter "Plaintiff") for purposes of obtaining relief under the Federal Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 201 *et. seq.* (hereinafter "FLSA"), against Defendants, Yascar Enterprise, Inc. d/b/a Tin Cup Sports Cafe and Adam Yassky, individually (hereinafter collectively referred to as "Defendants"), for unpaid overtime, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

**JURISDICTION AND VENUE**

2.     District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b), 217, and 28 U.S.C. §§1331, 1367.

3.     This court is the proper venue pursuant to 28 U.S.C. §1391(b) because the Defendant resides in this jurisdiction and the acts and events giving rise to the causes of action alleged herein all took place within this Court's jurisdictional boundaries.

4.      Further, 29 U.S.C. § 216(b) allows for venue in any court of competent jurisdiction over FLSA violations.

5.      Defendant is subject to the jurisdiction of this Court.

## PARTIES

6.      Plaintiff is an individual residing in Broward County, and at all times material, was an employee of Defendants.

7.      Defendant, Yascar Enterprise, Inc. d/b/a Tin Cup Sports Café (hereinafter referred to as "Tin Cup"), is a Florida Profit Corporation with a principal place of business in Cooper City, Broward County, Florida.

8.      At all times material hereto, Tin Cup employed Plaintiff as a chef.

9.      Defendant, Adam Yassky (hereinafter referred to as "Yassky"), is *sui juris* and, upon information and belief, a resident of Broward County, Florida.

10.      At all times material hereto, Yassky was a corporate officer and/or owner and/or manager of Tin Cup.

11.      At all times material hereto, Yassky was Plaintiff's employer as defined by 29 U.S.C. 203(d) because he ran the day-to-day operations of Tin Cup, was responsible for paying Plaintiff's wages, and controlled Plaintiff's work and schedule.

12.      At all times material hereto, Defendants, Tin Cup and Yassky, were Plaintiff's employers within the meaning of 29 U.S.C. §203(d) and is not exempt under the FLSA.

13.      Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff

used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

14.     Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

15.     Upon information and belief, the Defendants' had gross sales or business done in excess of $500,000 annually for the years 2021 and 2022.

## MATERIAL ALLEGATIONS

16.     Plaintiff worked for Defendants as a chef from on or about October 17, 2021 through on or about September 17, 2022.

17.     Defendants initially paid Plaintiff an hourly rate of $11.00 per hour between October and December 11, 2021.

18.     On or about December 12, 2021, Defendants raised Plaintiff's hourly rate to $12.00 per hour, and Plaintiff continued to earn $12 per hour for the remainder of his employment with Defendants.

19.     29 U.S.C. § 207(a)(1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such

employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

20.     Throughout his employment, on a regular basis, Plaintiff worked more than forty (40) hours per week and was not paid overtime premium wages, as required under the FLSA.

21.     More specifically, between October 2021 and September 2022, Plaintiff worked more than forty (40) hours in a single week at least seventeen (17) times, without being paid his overtime premium wages.

22.     There were no FLSA exemptions applicable to Plaintiff.

23.     In committing the wrongful acts in violation of the FLSA, Defendants acted willfully, in that it knowingly, deliberately, and intentionally failed to pay overtime premium wages to Plaintiff.

24.     As a direct and proximate result of Defendants' failure to pay overtime premium wages, Plaintiff was damaged in an amount to be proven at trial.

25.     Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

26.     Plaintiff is also entitled to an award of liquidated damages under the FLSA in an amount equal to his unpaid wages.

27.     Plaintiff has retained the undersigned to represent him in this action and has agreed to pay a reasonable fee for those services. Plaintiff is entitled to an award of his reasonable

attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands that he be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which he was not compensated, damages, liquidated damages, penalties, attorneys' fees and costs as provided by law, and grant any further relief the Court deems just and proper.

## **<u>JURY DEMAND</u>**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which there is a right to a jury trial.

Dated: October 25, 2022.

Respectfully submitted,

**Brenton Legal P.A.**
*Counsel for Plaintiff*
1070 E. Indiantown Rd., Suite 400
Jupiter, FL 33477
Phone: 954-639-4644

By: */s/ Travis Beal*
    Travis Beal
    Florida Bar No.: 104890
    tjb@brentonlegal.com
    Christopher A Fennell
    Florida Bar No. 113546
    caf@brentonlegal.com
    Ryan Brenton
    Florida Bar No.: 107675
    rcb@brentonlegal.com